UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Sharon Norbert                                                                          Civil Action 05-1650

versus                                                                                  Judge Tucker L. Melançon

Louisiana Medical Ctr, *et al*                                          Magistrate Judge Mildred E. Methvin

**MEMORANDUM RULING**

Before the Court is an appeal of United States Magistrate Judge Mildred E. Methvin's February 15, 2007 Ruling and Confidentiality Order, styled a "Motion for Reconsideration of Magistrate Judge's Order Regarding Protective Order" [Rec. Doc. 60 *regarding* Rec. Doc. 59], filed by defendant. Plaintiff, who proceeds *pro se*, has not filed an opposition or other response.

I.  BACKGROUND

As per Judge Methvin's ruling on the Motion for Protection Order [Rec. Doc. 65] sets the pertinent facts as follows. Norbert filed this Title VII, 42 U.S.C. § 2000 employment discrimination case against the defendant, as her former employer. Norbert alleges that she was terminated from University Medical Center ("UMC") because of her race and in retaliation for prior discrimination charges she made against her employer. Defendant argues that Norbert was terminated because she had misrepresented that she could not work and also that she could not work the night shift.

On January 18, 2007, Judge Methvin held a Rule 16 conference in this case [Rec. Doc. 51]. At the Rule 16 conference, the plaintiff, proceeding pro se, was accompanied by Valerie Garret ("Garret"), an attorney licensed to practice in the state of Louisiana, well known to the Court, but who has declined to enroll as plaintiff's counsel in this

1

matter. The minutes [Rec. Doc. 51] reflect that during the conference, Norbert requested that defendant provide her with a copy of her personnel file, including all notes by other UMC personnel about Norbert during her entire tenure at UMC. Defendant did not object to this request. Norbert also sought the personnel files of UMC employees Peggy Kelly("Kelly")(a co-employee who had involvement in Norbert's previous employment dispute with defendant) and Kevin Hebert ("Hebert")(a Caucasian employee who had similar work restrictions as Norbert but was not fired). Magistrate Judge Methvin ordered defendant to either produce Kelly and Hebert's files or to file objections to production and a privilege log. The parties were also ordered to execute and submit a joint confidentiality order to govern the use of documents so produced. Defendant posits that the parties agreed to almost all of the terms of the confidentiality agreement, with the exception of the issue of whether Garret would be allowed to view the confidential documents since she is not enrolled as counsel of record on behalf of Norbert. (*Defendant's Motion*, p.2). On February 15, 2007, Magistrate Judge Methvin entered the Confidentiality Order [Rec. Doc. 59], as agreed to by the parties. She also ruled that Garret would be allowed to view the confidential documents covered by the Protective Order.

On February 9, 2007, prior to the issuance of the Confidentiality Order [Rec. Doc. 59], defendant filed a Motion for Protective Order [Rec. Docs. 52, 54] seeking an order that certain documents in the personnel files of Kelly and Hebert are protected from discovery. Plaintiff filed a Memorandum in Opposition thereto [Rec. Doc. 57]. Defendant also filed two privilege logs outlining the documents in Kelly and Hebert's files which were withheld. In its Motion for Protective Order, defendant asserted that it maintains two types of personnel files: public and private. Defendant stated that it had

already produced the public personnel files of Kelly and Hebert but objected to providing the private personnel files, which include medical leave information and job performance evaluations. On April 2, 2007, Magistrate Judge Methvin granted in part and denied in part, defendant's Motion [Rec. Doc. 65, *ruling on* Rec. Docs. 52, 54], and ordered that defendant provide plaintiff with the documents identified as "position description" on the Privilege Log of Kevin Hebert's Personnel Records. Under the Confidentiality Order issued by the Magistrate, Garrett is allowed to view these private and confidential personnel files, which greatly aggrieves the defendant.

Defendant moves for reconsideration of the February 15, 2007 decision [Rec. Doc. 59] by the Magistrate allowing Garret to view confidential documents, arguing that it is clearly erroneous and contrary to law, and requesting that the Confidentiality Order be amended to allow only Sharon Norbert and any attorney who may enroll as her counsel of record to review or otherwise examine the confidential documents.

## II. LEGAL ANALYSIS

Defendant contends that the documents subject to the Confidentiality Order should not be disclosed to anyone other than Norbert herself, and/or any attorney who enrolls as her counsel because the confidential nature of the personnel files of these two non-litigants should be protected and maintained. Defendant argues that in addition to failing to provide protection to these non-litigants from disclosure of the documents by an un-enrolled attorney, the Magistrate's Order appears to endorse a practice (*i.e.* providing undisclosed legal aid) frowned upon as unprofessional by the majority of state and federal courts.

Defendant attaches as Exhibit 1 to its Motion, the Pro Se Guidelines of the Louisiana Judicial Council Task Force, wherein it states that lawyers may provide

3

"unbundled services" (*i.e.* limited attorney services) to pro se litigants, but recommends:

1. " Lawyers should not write documents or prepare pro se clients for arguments without carefully disclosing such participation to the court." ("Ghostwriting").

2. "Lawyers should limit their advise and counsel to the "unbundled services" for which they are being retained and should not extend their advice and counsel as attorneys to legal issues and matters for which they are not being retained, except in the same general way as permitted for court personnel.

*(Id.* at pp. 26-27)

Without reaching the merit's of the Magistrate's reasoning and decision to allow Garrett to view the documents subject to the Confidentiality Order, based on the record before the Court, and noting that plaintiff has failed to oppose or file any response to defendant's motion, the Court will grant the Motion [Rec. Doc. 60].